UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN HODGES, #291963,

        Petitioner,

                              CASE NO. 2:14-CV-11180
v.                              HONORABLE VICTORIA A. ROBERTS

KENNETH MCKEE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR**
**APPOINTMENT OF COUNSEL AND TO EXPEDITE HABEAS RELIEF**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Shawn Hodges ("Petitioner") was convicted of voluntary manslaughter, Mich. Comp. Laws § 750.321, following a jury trial in the Oakland County Circuit Court and was sentenced to 12 to 40 years in prison in 2010. In his pleadings, he raises claims concerning the exclusion of evidence about the victim, the alleged use of perjured police testimony, and the effectiveness of trial counsel relative to the police testimony. Respondent has filed an answer to the petition and the state court record, but the Court has yet to review those materials in detail. The matter is currently before the Court on Petitioner's Motion for Appointment of Counsel and to Expedite Habeas Relief. Petitioner seeks the appointment of counsel and expedited consideration because he has cancer with a limited life expectancy.

Petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a

privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted pleadings in support of his habeas claims and no further filings are required. Neither an evidentiary hearing nor discovery are necessary in this case, and the interests of justice do not require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly, the Court **DENIES** Petitioner's request for appointment of counsel.

With regard to expediting this matter, the Court is sympathetic to Petitioner's medical condition, but does not find that expedited consideration is warranted. A preliminary review of the pleadings fails to reveal that Petitioner is likely prevail on his claims and, even if the Court were to grant habeas relief, Petitioner would likely be entitled to a new trial and not immediate release from prison.[1] There is no need to proceed on this case sooner than dictated by the Court's current schedule. Accordingly, the Court **DENIES** Petitioner's request for expedited consideration.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 3, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 3, 2015.

S/Carol A. Pinegar
Deputy Clerk

---

[1]The Court notes that it does not have the authority to grant Petitioner a compassionate release from prison. Such matters are for the state courts and/or prison officials to determine.