**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN HODGES,

        Petitioner,                      Civil No. 2:14-CV-11180
                                          HONORABLE VICTORIA A. ROBERTS
v.                                 UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

        Respondent.

                                         /

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Shawn Hodges, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* habeas petition, Petitioner challenges his conviction and sentence for voluntary manslaughter, M.C.L.A. § 750.321, and as a fourth felony habitual offender, M.C.L.A. § 769.13.  For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I.  Background**

Originally charged with first degree murder, Petitioner was convicted of the lesser offense of voluntary manslaughter following a jury trial in Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

1

2254(e)(1). *See Wagner v. Smith*, 581 F. 3d 410, 413 (6th Cir. 2009):

> Defendant slashed and stabbed Rommel McDougal multiple times during a fight at a nightclub causing McDougal's death.  At trial, defendant claimed that he acted in self-defense because he was afraid that McDougal was going to kill him.  Defendant alleged that McDougal was a violent drug dealer who thought that defendant was a "rat" or a "snitch" and had attempted to harm defendant in the past.

*People v. Hodges,* No. 300969, * 1 (Mich.Ct.App. June 14, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 893; 823 N.W. 2D 608(2012).

Petitioner seeks a writ of habeas corpus on the following grounds: (1) The trial court denied him due process when it excluded relevant evidence of the victim's reputation for violence, (2) The prosecutor's use of false and/or perjured testimony of the officer in charge denied Petitioner due process, and (3) trial counsel was ineffective by not objecting or raising the issue about Detective Buchmann's false or perjured testimony, and did not impeach Detective Buchmann.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or

> involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

3

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562

U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The

Supreme Court emphasized "that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,*

538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must

determine what arguments or theories supported or...could have supported, the state

court's decision; and then it must ask whether it is possible fairminded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior

decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be."

*Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the

AEDPA, does not completely bar federal courts from relitigating claims previously

rejected in state courts, it preserves the authority for a federal court to grant habeas relief

only "in cases where there is no possibility fairminded jurists could disagree that the

state court's decision conflicts with" the Supreme Court's precedents. *Id.* "Section

2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in

the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J.,

concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is

inconsistent with the presumption that state courts know and follow the law." *Woodford,*

537 U.S. at 24. In order to obtain habeas relief in federal court, a state prisoner is

required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III.  Discussion

#### A.  Claim # 1.  Right to Present a Defense.

Petitioner contends that he was deprived of his right to raise a meaningful defense when the trial court improperly excluded relevant evidence about the victim's reputation for violence.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he or she also has the right to present his or her own witnesses to establish a defense.  This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted).  However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996).  The Supreme Court indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689.  The Supreme Court gives trial

court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).  Rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect.  Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F. 3d 507, 511-12 (6th Cir. 2003).  The trial court's refusal to allow into evidence the victim's reputation for violence was not contrary to clearly established federal law; Petitioner is not entitled to habeas relief.

Under Michigan law, evidence that a defendant knew of a victim's violent acts or reputation is relevant to show a state of mind consistent with self-defense, and proof of a victim's violent character, regardless of the defendant's knowledge of it, would be relevant to show that victim acted in conformity. *See Allen v. Howes*, 599 F. Supp. 2d 857, 872 (E.D. Mich. 2009)(citing *People v. Harris*, 458 Mich. 310, 314-20, 583 N.W.2d 680 (1998)).

Petitioner is not entitled to habeas relief on his claim, because, as the Michigan

Court of Appeals found, there was nothing in the tapes to show the victim's character for

violence and Petitioner did not identify any portion of the materials to prove that the

victim had a violent character. The tapes were irrelevant. *Hodges*, Slip. Op. at 2.

The trial court did not violate Petitioner's right to present a defense by excluding

evidence that was irrelevant, s*ee United States v. Lucas*, 357 F.3d 599, 604-606 (6th Cir.

2004), or evidence that confused the issues or was misleading. *Rockwell*, 341 F. 3d at

513.  The evidence sought to be admitted was irrelevant and would have caused

confusion and misled the jury because the tapes did not establish that the victim was

violent.  In the taped phone conversations, the victim laughed about stories with his

mother and "Corr," appearing not to be angry.  In the third conversation, when asked

what he was going to do to Petitioner, the victim told the informant, "I don't know

what's up with that n---." (State's Appendix C, 1/1/09, Narrative Report 1).

The defense presented witnesses who testified that Petitioner was fearful of the

victim and his associates. (Tr. 8/23/10, pp. 62-63, 99-101, 118-119, 133, 139-140,

156-157).  The defense also presented testimony that Petitioner received threats for being

"a rat." (*Id.,* pp. 53-55, 157).  Ronald Brent testified that Petitioner was jumped by the

victim three weeks before the stabbing. (*Id.,* pp. 95-97).  Freeman Shelton testified that a

couple weeks before the instant incident, he was at a club when the victim and his

associates approached Petitioner at the bar and exchanged words, before a fight broke

out. (*Id*., pp. 137-138).  Leon Shelton testified that he was with Petitioner in July 2009

when the victim and his associates attacked them at a club in Pontiac (*Id.*, p. 158).  A

7

number of eyewitnesses testified at trial that after an exchange of words outside the

Crofoot, a fight broke out between Petitioner and the victim.  These witnesses testified

that the victim was the initial aggressor.  During the fight, Petitioner stabbed the victim,

who then ran towards the hospital. (*Id.,* pp. 63-65, 68-78, 83).

The evidence that was admitted gave Petitioner a sufficient foundation to

establish that he stabbed the victim in self-defense; the exclusion of the additional,

cumulative evidence to bolster his self-defense claim did not deprive Petitioner of a fair

trial. *See Davis v. Burt,* 100 Fed. Appx. 340, 350 (6th Cir. 2004).  With this quantum of

evidence, Petitioner was afforded a "meaningful opportunity" to present his self-defense

and defense of others theory to the jury.  Petitioner is not entitled to habeas relief on his

claim. *Allen,* 599 F. Supp. 2d 873.

**B.  Claims ## 2 and 3.  The perjury/ineffective assistance of counsel claims.**

Petitioner contends that the prosecutor presented perjured testimony from the lead

investigator, Detective Jeff Buchmann and that defense counsel was ineffective for

failing to object to Buchmann's testimony.

The deliberate deception of a court and jurors by the presentation of known false

evidence is incompatible with the rudimentary demands of justice. *Gaggle v. United*

*States*, 405 U.S. 150, 153 (1972).  There is also a denial of due process when the

prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360

U.S. 264, 269 (1959)(internal citations omitted).  To prevail on a claim that a conviction

was obtained by evidence that the government knew or should have known to be false, a

defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000). Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F. 3d at 343. Additionally, the fact that a witness contradicts himself or herself or changes his or her story also does not establish perjury. *Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003).

Petitioner presented no evidence that Detective Buchmann testified falsely. During cross-examination, defense counsel asked Buchmann if he knew that McDougal (the victim) identified petitioner as "a rat," and if he had it "in" for petitioner. (Tr. 8/23/10, p. 31-32). Buchmann testified that he was "unaware" or "had not heard that," and that he learned from street talk that there was some past between Petitioner and the victim, but he did not have personal knowledge of the underlying facts. *Id.*

Petitioner failed to show that Detective Buchmann provided perjured testimony, had knowledge that the victim called Petitioner a rat, or had knowledge that the tapes conveyed any threats of violence against Petitioner. Conclusory allegations of perjury in a habeas corpus petition must be corroborated by some factual evidence. *Barnett v. United States*, 439 F.2d 801, 802 (6th Cir.1971). Petitioner's perjury claim is conclusory

and unsupported. Assuming that Detective Buchmann testified falsely about the victim

calling petitioner a "rat" and threats of violence, Petitioner is not entitled to habeas relief

on his perjury claim, because he failed to show that the prosecutor knew that Detective

Buchmann testified falsely on these matters. *See Rosencrantz v. Lafler,* 568 F. 3d 577,

587 (6th Cir. 2009).  Petitioner's second claim is without merit.

Petitioner failed to show that Detective Buchmann committed perjury.  Therefore,

counsel was not ineffective for failing to challenge Buchmann's testimony on the ground

that it was perjured. *Brown v. Burt*, 65 Fed. App'x. 939, 942 (6th Cir. 2003).  Petitioner's

related ineffective assistance of counsel claim is without merit.

## IV.  Conclusion

The Court denies the petition for writ of habeas corpus.  The Court also denies a

certificate of appealability to Petitioner.  To obtain a certificate of appealability, a

prisoner must make a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that

reasonable jurists could debate whether, or agree that, the petition should have been

resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the

petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The

district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  ORDER

The Court **DENIES** the Petition for a Writ of Habeas Corpus and a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts

11

Victoria A. Roberts
United States District Judge

Dated:  April 4, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Shawn Hodges by electronic means or U.S. Mail on April 4, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |

12